IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELA MARIE KING,                              )
                                                )
              Plaintiff,                         )
                                                )        CIVIL ACTION
v.                                              )
                                                )        No. 25-1017-KHV
                                                )
KOCH AG & ENERGY                                )
SOLUTIONS, LLC,                                 )
                                                )
              Defendant.                         )
                                                )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Koch Ag & Energy Solutions, LLC's Motion To Redact Certain Portions Of Exhibits Filed In Support Of Its Memorandum For Summary Judgment (Doc. #69) filed February 18, 2026. Defendant seeks to redact portions of four exhibits, which contain non-party compensation information (Doc. #67). Plaintiff opposes defendant's motion. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.;

see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant seeks to redact portions of four exhibits that contain confidential compensation information related to current and former KAES employees, including base pay amounts, increases in base salary, rate changes in base salary and awards of variable compensation.  Defendant Koch Ag & Energy Solutions, LLC's Memorandum In Support Of Its Motion To Redact Certain Portions Of Exhibits Filed In Support Of Its Memorandum For Summary Judgment (Doc. #70) at 3. Plaintiff notes that the salary information of her similarly situated colleagues and comparators are central to her discrimination and Equal Pay Act claims.

Defendant argues that the current and former employees have a "strong personal privacy interest" in the compensation information contained in the exhibits.  Id.  Defendant argues that disclosure might harm its employees' ability to negotiate compensation with a competing company.  Defendant KAES's Reply in Support of Its Motion to Redact Certain Portions of Exhibits (Doc. #72) at 2–3.  Any such harm is speculative.  In any event, the potential harm to employees is minimal and does not outweigh the public's "paramount" interest in access to judicial records.  See United States v. Smith, No. 12-20066-31-KHV, 2016 WL 1312518, at *1 (D. Kan. April 4, 2016).

Defendant argues that it has proprietary and competitive interests in the salary information of its employees and that competitors could use such information to unfairly recruit its employees. Defendant has not shown that competitors cannot otherwise obtain salary and compensation data about its employees.  The Court recognizes that the public and competitors may have easier access

to this information if the exhibits are not redacted.   Even so, based on the present record, defendant's fear that a competitor could exploit such information is speculative.   On balance, defendant has not shown how its interest in making it more difficult for competitors to access the compensation information outweighs the public interest in access to the materials that form part of the basis of this lawsuit.   See Colony Ins., 698 F.3d at 1242.

On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision-making process.   See id.   Therefore, the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant Koch Ag & Energy Solutions, LLC's Motion To Redact Certain Portions Of Exhibits Filed In Support Of Its Memorandum For Summary Judgment (Doc. #69) filed February 18, 2026 is **OVERRULED**.  **The Court directs the Clerk to unseal the following provisionally sealed documents:   Provisionally Sealed Documents (Doc. #67), Exhibit B (Doc. #67-1), Exhibit C (Doc. #67-2), Exhibit M (Doc. #67-3) and Exhibit N (Doc. #67-4), all filed February 13, 2026.**

Dated this 9th day of March, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-3-