**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANGELA MARIE KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 25-1017-KHV |
| ) | |
| KOCH AG & ENERGY ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 9, 2026, the Court overruled Defendant Koch Ag & Energy Solutions, LLC's Motion To Redact Certain Portions Of Exhibits Filed In Support Of Its Memorandum For Summary Judgment (Doc. #69) filed February 18, 2026. Memorandum And Order (Doc. #75). This matter is before the Court on defendant's Motion To Replace And Withdraw Exhibits Provisionally Filed Under Seal And Incorporated Brief In Support Thereof (Doc. #76) filed March 9, 2026, which the Court also construes as a motion to reconsider, and defendant's Motion For Relief To Seal Previously Provisionally Sealed Documents Pending The Court's Ruling Regarding Defendant's Motion To Replace And Withdraw Exhibits (Doc. #77) filed March 12, 2026. For reasons stated below, the Court overrules defendant's motions.

**Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616

F.2d 458, 461 (10th Cir. 1980).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3; Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).  Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law.  See Servants of Paraclete, 204 F.3d at 1012.

<u>**Analysis**</u>

In an effort to evade the effect of the Court's order which overruled defendant's motion to redact certain documents, defendant now seeks to withdraw the documents and refile them to omit "confidential compensation information."  As explained in the Court's prior order, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the

public access to the records which inform the Court's decision-making process.  Memorandum And Order (Doc. #75) at 3 (citing Colony Ins., 698 F.3d at 1242).  To the extent that defendant seeks reconsideration of the Court's decision that the salary information should be available for public view, the Court overrules defendant's motion.  Defendant's current motion does not cite any authority which suggests that employee salary information is privileged from public disclosure or even "confidential" under Kansas law.  In sum, defendant has not established the need to correct clear error or any other grounds for reconsideration of the order which overruled its motion to redact.  Servants of Paraclete, 204 F.3d at 1012.

Defendant seeks to withdraw and refile various documents because the salary information is "not necessary in order for the Court to rule on its Motion for Summary Judgment."  Motion To Replace And Withdraw Exhibits Provisionally Filed Under Seal And Incorporated Brief In Support Thereof (Doc. #76) at 2.  Defendant also states that it included some of the salary information only so that the Court would have a complete document.  See id. at 3.  Of course, the relevance of the information is not dispositive whether the Court permits a document to be sealed or redacted.  In addition, until the parties have filed and the Court has reviewed all of the briefing on a dispositive motion, it cannot fully assess the relevance of any particular document or piece of information.  In any event, counsel—not the Court—made the strategic decision about what information to include with defendant's motion and the scope of any attachments.  This is not a case of inadvertent disclosure.  Defense counsel determined that the salary information should be included with the motion for summary judgment and specifically asked for the information to be redacted.  By waiting to file a motion to redact until after it filed the documents provisionally under seal—while permitted under the local rules—defendant assumed the risk that the Court would

overrule the motion to seal and the documents would be available for public view.[1]  The Court

overrules defendant's request to withdraw and refile documents as a work around the Court's prior

ruling that the information should not be redacted.

**IT IS THEREFORE ORDERED** that defendant's Motion To Replace And Withdraw

Exhibits Provisionally Filed Under Seal And Incorporated Brief In Support Thereof (Doc. #76)

filed March 9, 2026, which the Court also construes as a motion to reconsider, is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Relief To Seal Previously

Provisionally Sealed Documents Pending The Court's Ruling Regarding Defendant's Motion To

Replace And Withdraw Exhibits (Doc. #77) filed March 12, 2026 is **OVERRULED as moot**.

Dated this 12th day of March, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]     The federal and local rules do not preclude a party from filing a motion to seal or redact which describes the information to be sealed *well before* the party attaches the information as support for a motion.