**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELA MARIE KING, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-1017-KHV |
| | ) | |
| KOCH AG & ENERGY | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On January 29, 2025, Angela Marie King filed suit against her former employer, Koch AG & Energy Solutions, LLC ("KAES"), alleging that in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 et seq., defendant subjected her to a hostile work environment (Count I), disparate treatment on the basis of sex (Count II) and retaliation (Count III). See Amended Complaint (Doc. #12) filed May 1, 2025. Plaintiff also alleges that defendant violated the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) (Count IV). Id. This matter is before the Court on Defendant's Motion To Strike Plaintiff's Jury Demand And Incorporated Brief In Support Thereof (Doc. #83) filed March 27, 2026. For reasons stated below, the Court sustains defendant's motion.

**Legal Standard**

"The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment." Jacob v. City of New York, 315 U.S. 752, 752 (1942). Agreements waiving the right to trial by jury, however, are not illegal or contrary to public policy. Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835,

837 (10th Cir. 1988). A jury trial waiver must be "knowing and voluntary." Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992). Most courts have determined that the burden to show that a waiver was knowing and voluntary lies with the party seeking to enforce the contractual waiver. See id.; Bandokoudis v. Entercom Kansas City, LLC, No. 220CV02155EFMGEB, 2021 WL 1575222, at *1 (D. Kan. Apr. 22, 2021). To determine whether a waiver was knowing and voluntary, courts generally look to four factors: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms. Wisecarver v. Sunrise Senior Living Servs., Inc., No. 222CV02296JARADM, 2023 WL 2784857, at *2 (D. Kan. Apr. 5, 2023).

**Factual Background**

King holds a bachelor's degree in accounting and a Master of Business Administration. Since 2014, King has worked in finance and accounting.

On October 13, 2018, King applied for a Senior Financial Analyst role with Koch Fertilizer, LLC, which is a subsidiary of KAES. Above the signature line of the employment application, all in upper-case letters, a warning instructed the applicant to "PLEASE READ THIS CERTIFICATION AND AGREEMENT CAREFULLY BEFORE SIGNING." Among other agreements (including submitting to a background check and drug screening), the paragraph indicated that the applicant was "waiving [her] right to have a jury trial to resolve any lawsuit [she] may ever bring against the Company, and that any lawsuit that [she] may bring against the Company will be tried to a judge without a jury." At the end, the application stated, "I acknowledge that I have read this Employment Application carefully and understand its content." King electronically signed the application, received the position and in December of 2018, began

-2-

work for Koch Fertilizer, LLC.

On September 16, 2022, King applied for a Project Controls Analyst position with KAES using a very similar employment application. Koch companies, including KAES and Koch Fertilizer, use the same applications for employment and include the same language. King applied for this role as part of the process of obtaining the Project Controls Transformation Leader position—a new position which would replace the Project Controls Analyst position. This application contained almost identical jury waiver language as the previous application. Above the space for the applicant to sign, the application stated, "READ THE ABOVE CERTIFICATION AND AGREEMENT CAREFULLY," and required the applicant to "certify that [he or she] ha[s] read, fully understand[s] and accept[s] all terms of the foregoing statement." King marked that she agreed and electronically signed the application. On October 3, 2022, King began her role as Project Controls Transformation Leader.

## Analysis

Defendant argues that the Court should strike plaintiff's demand for a jury because in her 2018 and 2022 job applications, plaintiff knowingly and voluntarily waived her right to a jury trial in any lawsuit against KAES. In response, plaintiff argues that the 2018 employment application does not apply because KAES was not a party to the application. Plaintiff argues that the 2022 employment application is also inapplicable because it is for the position of "Project Controls Analyst," not the position of "Project Controls Transformation Leader" which she actually assumed. The 2018 application was between plaintiff and Koch Fertilizer, LLC and contains no reference to KAES. Defendant has not articulated a persuasive argument why it should apply to KAES. Accordingly, the Court focuses its analysis solely on the 2022 employment application.

Though the 2022 application technically names a different position title, the parties

understood that "[Project Controls Analyst] was the role that [plaintiff] had to apply for for the Project Controls Transformation Leader.  This was the process."  Angela Marie King Deposition (Doc. #83-3) filed March 27, 2026 at 6.  Thus, the Court will enforce the 2022 waiver if it finds that plaintiff knowingly and voluntarily agreed to it.

## I.    Whether The Clause Containing Waiver Was Conspicuous

Defendant argues that the jury waiver was conspicuous because it was framed by two warnings to carefully read the certification and agreement before signing, contained in a short employment agreement and followed immediately by plaintiff's signature.  Defendant further argues that plaintiff had multiple opportunities to review the jury waiver.

Plaintiff argues that the jury waiver was not conspicuous because it was not located within its own paragraph, was not in bold or underlined print and was not under a heading that summarized or drew attention to the content of the paragraph.  Plaintiff further argues that unlike the questions earlier in the application, the language of the final pages of the application, which contain the jury trial waiver language, is not broken apart by topic and is conglomerated together in large blocks of small text.  Plaintiff also points out that her employment letter did not reference a jury waiver.

The record reflects that although the jury waiver language does not stand alone and is not bold or underlined, it is conspicuous.  The language is in no way hidden, and the application gives explicit instructions to carefully review it before signing.  Accordingly, this factor weighs in favor of defendant.

## II.    Whether The Record Reflects Gross Disparity In Bargaining Power

Defendant argues that the record reflects no evidence of gross disparity in bargaining power because at the time of both applications, plaintiff was not under duress, in dire circumstances or

having no option but to accept the positions on the terms offered.  Defendant further argues that KAES did not preclude plaintiff from negotiating the jury waiver.

Plaintiff argues that the record reflects a gross disparity in bargaining power because (1) to apply to the position, KAES required her to waive her right to a jury trial, (2) plaintiff did not have counsel representing her at the time, (3) no one made her aware that she was waiving legal rights, (4) she did not have the opportunity to negotiate the employment application and (5) her prior experience did not involve contract review, interpretation or negotiation and did not require understanding waiver of fundamental rights.

Other than the disparity between a job applicant and a prospective employer, the record reflects no disparity in bargaining power.  See Bandokoudis, 2021 WL 1575222, at *2 ("there is inevitably disparity in bargaining power between an employer and an employee").  At the time she submitted the 2022 application, plaintiff worked for Koch Fertilizers, LLC.  The record shows no indication that plaintiff was under duress or desperate for the new position.  Accordingly, this factor also weighs in favor of defendant.

### III.    Business Or Professional Experience Of Plaintiff

Defendant argues that plaintiff is a sophisticated party—she is highly educated and had prior work experience.  Defendant further argues that the jury waiver was direct and clear and required no special education or expertise to understand its implications.

Plaintiff argues that her financial and accounting experience do not aid her in knowingly and voluntarily waiving legal rights.

Though plaintiff does not have legal or contract training, the record reflects that she is a highly educated and experienced professional.  The record discloses no reason why she could not read and understand her employment application and grasp the importance of a jury trial waiver.

Accordingly, this factor also weighs in favor of defendant.

## IV.      Whether Plaintiff Had Opportunity To Negotiate Terms

Plaintiff argues that KAES did not provide her an opportunity to negotiate the terms of the employment application, and the waiver provision contained language which expressly refused to consider her employment application unless she waived her right to a jury trial.

The record shows that while KAES did not invite plaintiff to negotiate the terms of the employment application, it did not prohibit her from doing so. Plaintiff did not attempt to negotiate the terms of the application, so the Court cannot determine whether she had the opportunity to negotiate the terms. Therefore, this factor is neutral.

## V.      Plaintiff's Other Arguments

Plaintiff further argues that the jury trial waiver provision is unconscionable, contrary to public policy and unfair. Plaintiff argues that the fact that the waiver was in an employment application rather than an employment contract differentiates her case from all cases on which the parties rely.

Plaintiff's arguments are without merit. Jury waivers are not illegal or contrary to public policy. Telum, Inc., 859 F.2d at 837. As discussed above, plaintiff is a sophisticated party who, not under duress or desperation, agreed to waive her right to a jury in any litigation against defendant.

## VI.      Conclusion

Considering only plaintiff's 2022 employment application, the Court finds that plaintiff knowingly and voluntarily waived her right to a jury trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Strike Plaintiff's Jury Demand And Incorporated Brief In Support Thereof (Doc. #83) filed March 27, 2026 is

**SUSTAINED.**

Dated this 23rd day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge